IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kindra Simon Johnson, | ) | |
| | ) | Civil Action No.: 3:15-cv-04807-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| | ) | |
| Lexington County School District Two, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On March 26, 2018, this court accepted, in part, ("March 2018 Order") the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 57) and granted Defendant Lexington County School District Two's ("the District") Motion for Summary Judgment as to Plaintiff Kindra Simon Johnson's ("Johnson") claim for race discrimination in violation of 42 U.S.C. § 1983. (ECF No. 68; ECF No. 69.) The court also, *sua sponte,* dismissed Johnson's Title VII and Americans with Disabilities Act ("ADA") claims because the court, at the time, found "no evidence in the record regarding the exhaustion of administrative remedies to support the exercise of jurisdiction" over the those claims. (ECF No. 68 at n. 1.)

On April 5, 2018, Johnson filed her Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, arguing that she did, in fact, exhaust administrative remedies. (ECF No. 70; ECF No. 70-1.) On March 27, 2019, this court granted Johnson's Motion to Alter or Amend Judgment ("March 2019 Order") and determined that "manifest injustice would occur if Johnson's Title VII and ADA claims are dismissed for failure to exhaust when she did in fact exhaust her administrative remedies." (ECF No. 77.) In the March 2019 Order, the court

1

informed the parties that "it will consider their substantive arguments regarding Johnson's Title VII and ADA claims" separately. (*Id*.)

The court will now address the Magistrate Judge's Report regarding the substantive arguments as to Johnson's Title VII and ADA claims. Based on the court's review of the Report, the court **ACCEPTS** the Report (ECF No. 57) and **GRANTS** the remainder of the District's Motion for Summary Judgment (ECF No. 42) as to Johnson's Title VII and ADA claims.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 57.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference. The court will only reference herein additional facts viewed in the light most favorable to Johnson that are pertinent to the analysis of her claims.

Johnson is a black female who began working for the District in December 2009. Throughout her employment with the District, Johnson asserts that her race negatively affected her job. On February 12, 2015, Dr. Angela Cooper, the District's Chief Human Resources Officer, was provided with a text message exchange that included Johnson. (ECF No. 42-3 at 1 ¶¶ 1, 5 & 2 ¶ 6.) Upon review of the text messages sent by Johnson (*see* ECF No. 42-6), Dr. Cooper concluded that she would need to make a recommendation regarding the discipline Johnson should receive to the District's Superintendent. (*Id.* at 2 ¶¶ 8, 9.) On February 25, 2015, the District placed Johnson on administrative leave "pending an investigation of inappropriate text messages sent to another employee and for interference and misrepresentation of school operations." (ECF No. 47-1 at 44:187:24–188:2; ECF No. 47-23.) On March 23, 2015, Johnson was informed that the District's Superintendent would be recommending her termination to the District's Board. (ECF

No. 47-22.) On March 31, 2015, the District's Board accepted the Superintendent's recommendation regarding Johnson's termination "for violation of technology policies and staff conduct." (ECF No. 47-23.) The District terminated Johnson on April 1, 2015. (ECF No. 47-1 at 6:35:19–20.)

Johnson filed an action on October 27, 2015, in the Court of Common Pleas for Lexington County (South Carolina) alleging claims under 42 U.S.C. § 1983, Title VII, and the ADA. Specifically, Johnson alleged claims for (1) hostile work environment and discrimination on account of race (Counts 1 and 4), retaliation (Count 2) and disability discrimination (Count 3). (ECF No. 1-1 at 14–18.) The court dismissed all §1983 claims in its March 2018 Order (ECF No. 68.). The court now reviews Johnson's Title VII and ADA claims.

## II. LEGAL STANDARD

A. The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to - including those portions to which only "general and conclusory" objections have been made - for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

B. Summary Judgment Generally

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F. 3d 423, 434 (4th Cir. 2011). In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F. 2d 121, 123-24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denial of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Shealy v. Winston*, 929 F. 2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249.

### III. DISCUSSION

A. Title VII

In the Report, the Magistrate Judge analyzed Johnson's section 1983 race discrimination claim regarding her termination "in tandem with the Title VII race discrimination claim." (ECF No. 57 at 21 (citing *Love-Lane v. Martin*, 355 F.3d 766, 786 (4th Cir. 2004) (noting Title VII and § 1983 employment claims based on circumstantial evidence both use the *McDonnell Douglas*

burden-shifting test)).) As such, the Magistrate Judge's reasoning for dismissing the § 1983 claim also applies to the Title VII claim. *Id*. Upon her review, the Magistrate Judge determined that Johnson's section 1983 race discrimination claim fails at the prima facie level because Johnson's evidence does not demonstrate that (1) she received "different treatment from similarly situated employees outside the protected class" or (2) "there is some evidence of discrimination in the case." (ECF No. 57 at 21.) Accordingly, the Magistrate Judge recommended granting the District's Motion for Summary Judgment on Johnson's section 1983 claim of race discrimination. (*Id.* at 24.)

In her objections to the Report, Johnson asserts that the Magistrate Judge erred by neither considering the evidence she submitted regarding comparators/similarly-situated employees nor finding "that [Janet] Renahan is a comparator." (ECF No. 61 at 16.) More specifically, Johnson argues that the Magistrate Judge failed to consider the following:

> However, Renahan is a white employee who was supervised by the same supervisor, Gunter. Furthermore, Plaintiff alleged that Renahan was given more favorable treatment by Gunter. Plaintiff testified in her deposition that Gunter asked if Renahan needed any assistance after she missed just one day for a medical procedure. *Id.* at 104-9. Comparatively, Plaintiff came back on crutches after missing six weeks for foot surgery. *Id.* at 104-7, 8. However, Gunter did not acknowledge Plaintiff's absence, or ask if Plaintiff required assistance based upon the crutches. *Id.* at 104-22, 23. The R&R gave little to no credence that Plaintiff testified that she had expressed perceived discrimination from Gunter "on so many occasions" and that Heyward-Evans confirmed that Plaintiff's reports did indeed occur. (ECF No. 47-2, p. 43 l. 2 – p. 45 l. 21.)

(*Id.*) Based on consideration of the foregoing, Johnson contends that the court should reject the Report and deny the District's Motion for Summary Judgment on her Title VII discrimination claims.

Considering all of Johnson's arguments and competent evidence in the light most favorable to her, the Magistrate Judge stated, "she simply has not shown that the treatment of

5

which she complains took place 'because' she is black (or because of any protected trait). Rather, while Johnson's complaints arguably set out potentially unwelcome, rude, and unprofessional conduct, she has not shown they stem from her race." (ECF No. 57 at 44.) The court agrees. While Title VII prevents unwelcome conduct stemming from a protected characteristic, " it is not a general civility code." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998). As the Supreme Court stated, "Title VII does not prohibit all verbal or physical harassment in the workplace . . ." *Id.*

The court further agrees with the Magistrate Judge that "the mere fact that Johnson is Gunter's only black supervisee and one of only a few black administrators in the District is not, in and of itself, sufficient to show Johnson's complained-of treatment and her ultimate termination occurred because she was black." (ECF No. 57 at 18.) Johnson testified that she did not know why Gunter treated Johnson the way she did, but she did know "that it was different than how she treated whites." (ECF No. 57 at 18.) Johnson's "own naked opinion, without more, is not enough to establish a prima facie case of discrimination" under Title VII. *Goldberg v. B. Green & Co.*, 836 F. 2d 845, 848 (4th Cir. 1988). Johnson has provided no evidence of racially related statements directed toward her or others. *See Honor v. Booz–Allen & Hamilton, Inc.*, 383 F. 3d 180, 191 (4th Cir. 2004) (finding summary judgment appropriate when, even though there may be evidence of hostility toward an employee, the record contained no evidence that the "hostility was generated on account of [Johnson's] race."). Title VII does not provide a cause of action to prevent rudeness. *See Baqir v. Principi*, 434 F. 3d 733, 747 (4th Cir. 2006). Simply put, Johnson has not presented the evidence necessary to show that she was subject to unwelcome conduct on account of her race under § 1983 or Title VII.

B. <u>ADA Claim</u>

Johnson also alleges discrimination[1] under the ADA, which provides in part that an employer may not "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. §§ 12111(2), 12112(a). (*See* ECF No. 1 ¶¶ 86–95.) Violations of the ADA occur when the employer either wrongfully discharges a qualified individual with a disability or fails to make reasonable accommodations for him. *Rhoads v. F.D.I.C.,* 257 F. 3d 373, 387 n.11 (4th Cir. 2001).

After a review of the record, the court agrees with the Magistrate Judge and finds that Johnson has failed to establish a prima facie case of ADA discrimination. Indeed, at the first step of the *McDonnell Douglas* approach, a plaintiff establishes a prima facie case of discrimination under the ADA if she demonstrates that (1) she was within the ADA's protected class; (2) she suffered an adverse employment action; (3) she was fulfilling her employer's legitimate expectations at the time of the adverse action; and (4) the circumstances surrounding the adverse action "raise a reasonable inference of unlawful discrimination." *Reynolds v. Am. Nat'l Red Cross,* 701 F. 3d 143, 150 (4th Cir. 2012); *Haulbrook v. Michelin N. Am.,* 252 F. 3d 696, 702 (4th Cir. 2001). "Evidence of all four of these elements is necessary to survive summary judgment." *Id.* A plaintiff may satisfy the first element of an ADA claim—being a qualified individual with a disability—by satisfying one of the ADA's three definitions of disability. "The term 'disability' means, with respect to an individual—(A) a physical or mental impairment that substantially limits one or more of the major

---

[1] Johnson's Complaint includes only one ADA claim: disability discrimination. (*See* Compl. ¶¶ 86–95.)

life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment . . ." 42 U.S.C. § 12102(1).

Here, as the Magistrate Judge explains in more detail, Johnson indicates she has provided proof both that she has a record of a disability and that the District regarded her as having a disability. In support of her argument that she has a substantially limiting disability, Johnson submits that she suffered from a "sleep disorder, non-specified eating disorder, depression, and anxiety." (ECF Nos. 47-14 through 47-15). Johnson indicates she has difficulty with the major life activities of eating and sleeping. Johnson testified that her problems with sleep "sometimes come with anxiety/depression." (*Id*.) Johnson does not focus on the "eating disorder," other than to note that a cause of her breakdown had been taking diet pills. (*Id.* at 75–76.)

The District argues Johnson has not established that she is a qualified person with a disability for purposes of her prima facie case, claiming that, other than the 2013 episode, Johnson has presented no evidence that her conditions impacted her major life activities significantly. Further, and more importantly, Johnson's psychiatrist released her to return to work with no limitations or restrictions as of October 31, 2013. (*See* LECF No. 47-14.)

Based on the evidence presented, the undersigned is not convinced Johnson has set out sufficient evidence that she is a qualified person with a disability. She makes only generalized claims that her "major life activities" of eating and sleeping have been impacted. Although Johnson's treatment for anxiety and depression is documented, Johnson does not point to medical or even anecdotal evidence that the major life activities of sleeping and eating have been "substantially limited."

## IV. CONCLUSION

Upon careful consideration of the entire record, the court hereby **ACCEPTS** the Magistrate Judge's Report (ECF No. 57) and **GRANTS** the District's Motion for Summary Judgment as to Johnson's remaining claims under Title VII and the ADA (ECF No. 42). While the court granted Johnson's Motion to Alter or Amend (ECF No. 70; ECF No. 77), the outcome remains the same. Specifically, the court **DISMISSES** Johnson's remaining Title VII and ADA claims due to substantive, rather than procedural, deficiencies.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 28, 2019
Columbia, South Carolina